UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KENT STAPLETON,
    Plaintiff

vs

BUTLER COUNTY
COMMISSIONERS, et al.,
    Defendants

Case No. 1:09-cv-624

Weber, J.

**ORDER**

    Plaintiff, a resident of Hamilton, Ohio, brings this action pursuant to 42 U.S.C. § 1983 alleging a violation of his constitutional rights. By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a sua sponte review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B).

    A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall,* 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez,* 504 U.S. 25, 32 (1992); *Lawler,* 898 F.2d at 1199.

    Congress has also authorized the dismissal of complaints which fail to state a claim

upon which relief may be granted or which seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915 (e)(2)(B)(ii-iii); 1915A(b)(1-2). In order to state a claim for relief under 42 U.S.C. § 1983, plaintiff must allege that the persons engaging in the conduct complained of were acting under color of state law and that this conduct deprived plaintiff of some right secured by the Constitution or laws of the United States. *Graham v. National Collegiate Athletic Ass'n*, 804 F.2d 953, 957 (6th Cir. 1986) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part on other grounds, Daniels v. Williams*, 474 U.S. 517 (1984)). Plaintiff's complaint must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests," *Erickson v. Pardus,* 127 S.Ct. 2197, 2200 (2007) (citations omitted); *Wysong v. Dow Chemical Co.*, 503 F.3d 441, 446 (6th Cir. 2007), and provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1974 (2007).

Plaintiff, who is proceeding pro se, brings this action against the Butler County Commissioners, the Hamilton City Prosecutors, the City of Oxford, Prosecuting Attorney Kathy Dudley, and Deputy Art Brickles of the Butler County Sheriff's Office. On September 20, 2007, an automobile driven by plaintiff was stopped in Oxford, Ohio and in Hamilton, Ohio. Plaintiff was arrested by Deputy Brickles following one of these traffic stops for having no visible tail lights. It appears from the attachments to the complaint that plaintiff was charged with and convicted of driving under an OVI suspension, a first-degree misdemeanor. Plaintiff alleges that his case is pending in the Twelfth District Ohio Court of Appeals. He states the court is "not getting all the facts" because the Hamilton Prosecutors "destroyed a part of the stop [and] accidentally gave me [a] tape that was not showed in court." He also alleges

that the prosecutors "blocked all prove (sic) and witnesse[s] in my case." Plaintiff states he asked for an investigation but was denied. He states the "breath tester" was not functioning properly and that the officer should have taken him to another test site. As relief, plaintiff "want[s] a new trial" and the case to be taken out of the Twelfth District Court of Appeals. He also wants to "stop the Oxford's court proceeding (suspend case)."

To the extent plaintiff may be seeking removal of a criminal prosecution under 28 U.S.C. § 1443, which allows the removal of a criminal prosecution commenced in State court against any person who is denied or cannot enforce in the State courts a right under any law providing for the equal civil rights of citizens of the United States, removal is not appropriate. While Section § 1443(1) allows a criminal prosecution commenced in state court to be removed to federal court, "it must appear that the right allegedly denied the removal petitioner arises under a federal law providing for specific civil rights stated in terms of racial equality." *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (internal citations omitted). In other words, Section 1443(1) is restricted to cases raising an issue of racial discrimination against the removing defendant. *Id. See also City of Greenwood v. Peacock,* 384 U.S. 808 (1966); *Georgia v. Rachel,* 384 U.S. 780 (1966); *Neal v. Wilson,* 112 F.3d 351 (8th Cir. 1997); *Commonwealth of Kentucky v. Franklin,* 70 F.3d 1271, 1995 WL 696905 (6th Cir. Nov. 20, 1995). "Claims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice." *Johnson,* 421 U.S. at 219. Plaintiff's allegation that he was unfairly prejudiced by missing evidence which would prove his innocence does not satisfy this requirement. Thus, the basis for removal in this case is deficient and the Court lacks

3

jurisdiction over this case.[1]

Plaintiff's federal court complaint must also be dismissed because this Court is precluded from adjudicating plaintiff's claims under the abstention doctrine formulated in *Younger v. Harris,* 401 U.S. 37 (1971). Absent extraordinary circumstances, federal courts may not interfere with pending state criminal proceedings in order to entertain constitutional challenges to the state proceedings. *Id.* Under *Younger*, the federal court must abstain where "[1] state proceedings are pending; [2] the state proceedings involve an important state interest; and [3] the state proceeding will afford the plaintiff an adequate opportunity to raise his constitutional claims." *Kelm v. Hyatt,* 44 F.3d 415, 419 (6th Cir. 1995), citing *Nilsson v. Ruppert, Bronson & Chicarelli Co.,* 888 F.2d 452, 454 (6th Cir. 1989). *See also Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 11 (1987); *Huffman v. Pursue, Ltd.,* 420 U.S. 592, 603-05 (1975). Extraordinary circumstances barring abstention include "great and immediate" irreparable injury, state law that is "flagrantly and patently violative of express constitutional prohibitions," or "bad faith, harassment, or any other unusual circumstance that would call for equitable relief." *Younger,* 401 U.S. at 46, 53, 54. *See Fieger v. Thomas*, 74 F.3d 740, 750 (6th Cir. 1996).

All three factors supporting *Younger* abstention are present in this case. First, plaintiff's criminal cases are currently pending in the Oxford municipal court and the Twelfth District Ohio Court of Appeals. *See Huffman v. Pursue, Ltd.*, 420 U.S. 592, 608 (1975) (*Younger* abstention applies to state appellate proceedings as well as trial proceedings); *Loch v. Watkins*,

---

[1]Section 1443(2) is inapplicable in the instant case as this subsection confers the privilege of removal only upon federal officers or agents (first clause) or state officers (second clause). *See City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 824 and n.22 (1966).

4

337 F.3d 574, 578 (6th Cir. 2003); *Foster v. Kassulke*, 898 F.2d 1144, 1146 (6th Cir. 1990). Second, the criminal cases implicate important state interests as state criminal prosecutions have traditionally been considered an arena in which federal courts decline to interfere. *See Younger*, 401 U.S. at 43-45. Third, there is no evidence that the state criminal proceedings cannot provide an opportunity for plaintiff to raise his constitutional claims. Regarding this factor, the federal court must presume that the state courts are able to protect the interests of a federal plaintiff. *Kelm v. Hyatt*, 44 F.3d 415, 420 (6th Cir. 1995), citing *Pennzoil Co.*, 481 U.S. at 15. Plaintiff possesses an adequate opportunity to raise his constitutional issues in his pending appeal before the Ohio Court of Appeals or in a subsequent appeal should he be convicted in the Oxford municipal court. Therefore, abstention under *Younger* is appropriate.

Nor has plaintiff alleged facts showing the existence of extraordinary circumstances barring abstention. Plaintiff does not allege bad faith, harassment, flagrant unconstitutionality in the state proceedings, or any other unusual circumstances that would bar abstention in this matter. Thus, the complaint fails to establish the presence of extraordinary circumstances mitigating against the application of *Younger* abstention.

For the reasons stated above, the Court concludes that adherence to the *Younger* abstention doctrine is required in this case.

In sum, the Court is without jurisdiction over plaintiff's complaint to the extent he seeks removal of his criminal prosecutions under 28 U.S.C. § 1443. In addition, plaintiff's complaint must be dismissed on abstention grounds. *See Kelm*, 44 F.3d at 422.

The Court certifies pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of this Order would not be taken in good faith and therefore denies plaintiff leave to

appeal *in forma pauperis*. Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1997).

**IT IS SO ORDERED.**

Date: 9/10/09

Herman J. Weber, Senior Judge
United States District Court